UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Quality Behavioral Health, Inc.,

Petitioner,

v.

United States of America,

Respondent

Case No: 26-mc-51136

Hon. Laurie J. Michelson

---

**Government's Response in Opposition to Quality Behavioral Health's Emergency Motion for Return of Property**

---

The United States respectfully opposes Quality Behavioral Health's Emergency Motion for Return of Property. (R. 1). The United States filed today a civil forfeiture complaint related the funds petitioner seeks to release. (*United States of America v. Approximately $18,791,680.499 in United States Funds & Precious Metals,* Civil Case No. 26-cv-13589 (Kumar, J.). Sayed's counsel received advanced notice from the United States Attorney's Office that a civil forfeiture complaint would be filed. His counsel also received – in advance of the civil forfeiture complaint – a copy of the affidavit filed in support of the seizure warrants. (ECF No. 5, Stipulated Protective Order).

Despite his knowledge of the factual basis filed in support of its seizure warrants and the impending civil forfeiture complaint, Sayed's counsel claimed to the media that he was blind-sided by the forfeiture complaint and made a more general attack on the United States Justice Department. *See Detroit News*, Feds Seize$18.8M from Quality Behavioral Health, September 22, 2026 by Robert Snell).[1] Such a blatant disregard for the truth and *ad hominin* attacks run contrary to the civility principles which bind the conduct of all attorneys practicing before this court.[2] The United States Justice Department will litigate this case in court rather in the media.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

s/Philip A. Ross
Philip A. Ross
Assistant U.S. Attorneys
211 West Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9790
Philip.Ross@usdoj.gov

Date: September 22, 2026

---

[1] https://www.detroitnews.com/story/news/local/detroit-city/2026/09/22/fbi-seized-18-8m-from-quality-behavioral-health-in-forced-labor-case/91893105007/

[2] https://www.mied.uscourts.gov/pdffiles/08-AO-009.pdf, Civility Principles, EDMI administrative order dated February 5, 1996.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Quality Behavioral Health, Inc.,

Petitioner,

v.

United States of America,

Respondent

Case No: 26-mc-51136

Hon. Laurie J. Michelson

---

**Brief In Opposition of Quality Behavioral Health's Emergency Motion for Return of Property**

---

## I. Background

The FBI executed lawfully-obtained search and seizure warrants at various properties owned or controlled by Quality Behavioral Health (QBH) and its President Naveed Sayed on August 25, 2026. The following day, the FBI served six separate seizure warrants issued by a United States Magistrate Judge against accounts owned or controlled by QBH and Sayed. Sayed's counsel contacted the United States Attorney's office following the execution of the search warrants. However, Sayed's counsel made no formal demand supported by any documentation before filing his motion characterized as an emergency. Nor did he

meet and confer with counsel as required under Local Rule 7.1. Sayed's counsel has not sought specific files he claims are necessary to provide continuous care to patients.

In a civil forfeiture complaint filed today, the United States of America alleges Sayed amassed approximately $18.7 million by submitting false and fraudulent claims to Medicaid through the use of forced labor. The complaint alleges that seized funds constitute proceeds of Medicaid fraud, proceeds of forced labor, and or property used or intended to be used to facilitate the commission of forced labor. (*United States of America v. Approximately $18,791,680.499 in United States Funds & Precious Metals,* Civil Case No. 26-cv-13589 (Kumar, J.). Because QBH and Sayed now have an adequate remedy at law, its motion must be denied as moot, *See United States v. One 1974 Lear Jet 24D*, 191 F.3d 668, 673-674 (6th Cir. 1998)(After the Government initiates forfeiture proceedings a claimant may no longer use Rule 41(e)[the precursor to current Rule 41(g)] but instead must submit to the statutory procedures governing civil forfeiture. *See also, United States v. $1,700,000* 545 F. Supp. 2d (E.D. Mich. Feb 28, 2008)(Cleland, J.) CITING *One 1974 Lear Jet*; See also, *United States v. $1,756.03*, 772 F. Supp. 2d 842, 864 (E.D. Mich. Feb. 24, 2025)(Ludington, J.)(But, once a party receives notice of forfeiture proceedings, Rule 41(g) is no longer an accessible remedy" CITING *One 1974 Lear Jet*). *See also*, Fed R. Crim.P. 1(a)(5)

specifically excluding the applicability of the Federal Rules of Criminal Procedure from "a civil property forfeiture for violating a federal statute."

## II. QBH Continues to Operate Despite Pleas Government Shuttered Clinic

QBH continues to operate despite Sayed's claims that service of seizure warrants "effectively precludes Quality Behavioral Health, Inc. from providing necessary services, as well as denying access to funds to pay its employers and suppliers." Further, Sayed claimed "the Government has essentially and effectively 'shut down' the legitimate and necessary operations of Quality Behavioral Health." (ECF No. 1, Sayed Motion, PgID 3).

Nothing could be further from the truth. Sayed, however, has yet to correct these hyperbolic claims in court. Sayed's counsel was aware his client has sufficient funds to make to make payroll after they served seizure warrants he now challenges. Sayed's counsel confirmed receipt. (Exhibit 1, Email from Counsel). Sayed, himself, it appears has informed state officials that he has sufficient funds to operate through mid-October. Sayed himself told MDHHS that he has sufficient funds to make payroll through mid-October and is currently treating 50 patients. (Exhibit 2, FBI 302, Interview of Michigan Department of Health & Human Services Official Angela Smith-Butterwick).

## III. Government Made Special Arrangements To Protect QBH Patients

The various law enforcement agencies involved in the QBH investigation

prudently and diligently planned for the potential interruption to patient care before executing the various warrants. They met with the United States Department of Health and Human Services (HHS) Opioid Rapid Response Program (ORRP) coordinator. The ORRP program helps address continuity of care and risk reduction by coordinating with state officials when Federal law enforcement activities might disrupt patients' access to care. ORRP subsequently engaged with the Michigan Department of Health and Human Services (MDHHS) in advance of the execution of the search and seizure in an effort to minimize potential disruptions to patient care.

During the execution of the search warrants, the ORRP coordinator was onsite along with officials from MDHHS and the Detroit Wayne Integrated Health Network (DWIN) in order to assist with immediate patient needs. Approximately 10 victim service specialists were also present. These various officials were able to advise patients of their right to leave QBH's facilities and where to locate services from other medical providers.

## IV. The Sixth Amendment Right to Counsel Does Not Apply in Civil Forfeiture Cases

Sayed demands the release of funds "sufficient to retain the services of counsel." (ECF No. 1, Sayed Mot. PgID 16). The Sixth Amendment only applies in cases that can result in incarceration of the accused so there is no right to counsel in civil forfeiture cases. *United States v. $292,888.04*, 54 F.3d 564, 569

(9th Cir. 1995)(even if civil forfeiture is punitive, there is no Sixth Amendment right to counsel) CITING *dicta in United States v. Austin*, 509 U.S. 602 (1993); *See also*, *United States v. Deninno*, 103 F.3d 82, 86 (10th Cir. 1996)(same). Even if this were a criminal case, the Supreme Court long ago held that criminal defendants have no right to use funds subject to forfeiture to hire counsel of his own choice. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989) and *United States v. Monsanto*, 491 U.S. 600 (1989). Sayed makes no attempt to demonstrate that the funds he seeks are untainted by criminal conduct.

**Conclusion**

Because QBH and Sayed have an adequate remedy-at-law and the Federal Rules of Criminal Procedure express exclude civil forfeiture cases from the criminal rules, his motion must be denied. Further, his demand for attorney's fees must similarly be denied since he fails to establish a Sixth Amendment right to counsel. To the extent individual patient files are required to provide for continuous care, the United States's Attorney's Office will -as it always does in health care fraud investigations – facilitate access to patient files although Sayed's counsel has made no request for specific patient files since August 25, 2026.

Respectfully submitted,

Jerome F. Gorgon
United States Attorney

s/Philip A. Ross
Philip A. Ross
Assistant U.S. Attorneys
211 West Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9790
Philip.Ross@usdoj.gov

Date: September 22, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Clerk of the Court under seal via ECF which caused service upon counsel of record.

s/Philip A. Ross
Philip A. Ross
Assistant U.S. Attorney
211 West Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9790
Philip.Ross@usdoj.gov

Date: September 22, 2026