UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: SEARCH OF
QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Honorable Laurie J Michelson

QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Petitioner

-vs-

Case No: 26-mc-51136

UNITED STATES OF AMERICA

Respondent

_____________________________________/

REPLY TO GOVERNMENT'S RESPONSE TO EMERGENCY <u>MOTION FOR RETURN OF PROPERTY [ECF NO 6 PAGE ID 36]</u>

"…[he] doth protest too much, methinks"
—*Hamlet*
Act III, Scene II
William Shakespeare

<u>PREFACE</u>

The government apparently deems it appropriate to commence its Response by a *full-throated* attack on counsel [ECF No 6 Page ID 37]. With due respect, the same is neither accurate nor warranted.

When contacted by a reporter in the afternoon of on or about September 22, 2026, this writer *truthfully* advised he had not *yet* received a copy of the government's forfeiture complaint. This writer further *truthfully* stated it was apparent the reporter received it before he (writer) did. The government was apprised of this interaction (Exhibit "A").

It appears the main of the government's complaint pertains to the phrase "blind-sided" [ECF No 6 Page ID 37]. However, this verbiage is *not* contained in the article. Nor was it discussed with the reporter. Any perceived claim of "surprise" resides solely within the imagination of the government.

This writer take umbrage at the suggestion he acted unethically or in violation of "civility principles" [ECF No 6 Page ID 37], as the same are vigorously denied as meritless[1].

INTRODUCTION

A.

The government complains "counsel made no formal demand…before filing his motion…." [ECF No 6 Page ID 38]. We respectfully disagree.

[1] The government purports to "litigate this case in court rather than in the media" [ECF No 6 Page ID 37]. *Query,* then, whether it was simply *fortuitous* reporters were able to memorialize law enforcement "raiding" QUALITY BEHAVIORAL HEALTH https://www.youtube.com/watch?v=3xwYIaZCR5o.

The government was aware of this writer's involvement in these premises since at least on or about August 2025. On the day the search warrants were executed, counsel advised the government of the dire need for funds *and* documentation. It was only *after* radio-silence for approximately a week (Exhibit "B") was the pertinent Emergency Motion [ECF No 1 Page ID 1] filed.

Their assertion of failure to comply with local court rules [ECF No 6 Page ID 38-39] is erroneous.

B.

The government further attacks counsel for the verbiage contained in our Emergency Motion [ECF No 6 Page ID 40]. These protestations are myopic and misleading.

A photograph captures an image which is frozen in time. The same applies to authoring a written pleading, for it is premised upon the information known at *that* time. Admittedly, counsel is not clairvoyant and knowledge, like time, moves forward.

Once the "dust settled" from execution of several search warrants, additional information was obtained…some of which from the government. We *immediately* advised the government of funds which had not been seized (Exhibit "C"). It was always our intention to convey this newly-discovered information to

the Court (Exhibit "D"), but unfortunately, we were delayed due to our client undergoing a medical procedure (Exhibit "E").

Understandably, funds are dwindling [ECF No 6-3 Page ID 49]. Patients are entitled to treatment. Employees are entitled to compensation. The government is acutely aware of this dire situation [ECF No 6-3 Page ID 49-50]. Yet, we are unaware of *any* overtures by them to ameliorate the predicament.

## CONTINUITY OF CARE

### A.

We are not privy to the government's purported "plan[s to diminish] potential interruption to patient care…." [ECF No 6 Page ID 41]. What we are not aware of are any seized funds being provided to facilitate continuity of care and treatment. Similarly, we are unaware of any documentation being provided to effectuate continuity of care and treatment.[2]

### B.

Despite the absence of initiation of criminal accusations, it is apparent the government has successfully placed NAVEED SYED under a "cloud of

[2] Though the government informs this Court "counsel has made no request for…files since August 25, 2026" [ECF No 6 Page ID 42], this assertion is belied by our electronic transmission dated September 4, 2026 (Exhibit "B") and the contents of our Emergency Motion [ECF No 1 Page ID 4 ¶ 13 & 16].

Additionally, we respectfully advise of the recent ability to secure limited access to pertinent documentation via electronic storage.

suspicion." This has adversely impacted the operations of QUALITY BEHAVIORAL HEALTH.

Not wanting to be an obstructionist, Mr Syed is voluntarily transitioning himself from operating QUALITY BEHAVIORAL HEALTH. In order to facilitate this transition, we respectfully propose the Court appoint a Special Master[3] or Receiver[4] for the entity[5]. Hopefully this will assist in alleviating the appearance of impropriety while maintaining the integrity and operation of QUALITY BEHAVIORAL HEALTH.

MOOTNESS

A.

Due to the submission of a "forfeiture complaint" [ECF No 6 Page ID 39], the government asserts our request in these premises "must be denied a moot"[6] [ECF No 6 Page ID 39 (citations omitted)].

---

[3] *See*, Fed R Civ Pro 53.

[4] *See*, Fed R Civ Pro 66.

[5] The Court is possessed with authority to effectuate the requested appointment, *see, e g*, *Ettorre v Russo's Westheimer, Inc*, 677 F Supp 3d 644, 647-648 (SD Tex 2023); *United States v High Plains Livestock, LLC*, 2017 WL 3581203 * 3 (D NM 2017); *CDS, Inc, v Bradley Zetler, CDS, LLC*, 2016 WL 3522197 * 1 (SD NY 2016).

[6] "Because no…forfeiture proceeding was pending…[on or about September 8, 2026], the filing of [our Emergency] Motion was entirely proper,"

We acknowledge "[i]n *most* circumstances…a forfeiture proceeding does provide an adequate forum for the movants to contest…[the] issues necessary for the resolution of this type of equity matter," *In re FBI Seizure of Cash*, 970 F Supp 557, 559-560 (ED La 1997) (emphasis added) (citations omitted).

Nevertheless, "the Court *must be confident* that the forum at law which is available will give the movants both a timely and adequate forum to assert their…rights which are currently being raised in this equitable forum," *Id* at 560 (emphasis added).

> The Court notes that it agrees with those cases which have held that a forfeiture action does not automatically divest a Court of jurisdiction to hear a motion for the return of property. See *Floyd v United States,* 860 F 2d 999 (10th Cir 1988) and *In the Matter of Ninety–One Thousand Dollars in United States Currency,* 715 F Supp 423 (D RI 1989). Such a holding comports with the findings of this circuit in *Industrias Cardoen, LTDA v United States,* 983 F 2d 49 (5th Cir 1993). *Id* at 560 n 5.

With due respect, given the facts and circumstances attendant at bar, the civil asset forfeiture "forum" is woefully insufficient.

B.

> Claimants are correct in stating that Courts have found authority to hear Rule 41 (g) motions for return of property in civil forfeiture cases under equitable or "anomalous" jurisdiction. *Matter of Ninety–One Thousand Dollars in United States Currency,* 715 F Supp 423, 427 (D RI 1989). *United States v $1,700,000.00,* 545 F Supp 2d 645, 652 (ED Mich 2008).

---

*$8,050.00 in US Currency v United States*, 307 F Supp 2d 922, 926 (ND Ohio 2004).

When ascertaining the continued viability of a Rule 41(g) motion "[t]he inquiry should always be equitable and not mechanical, and thus resolution should not turn on a pure race between the parties to file or publish notice," *$8,050.00 v United States,* 307 F Supp 2d 922, 927 (ND Ohio 2004) (citations omitted).

Within this rubric, we respectfully proffer the forfeiture forum is inadequate; *to wit:*

- The requested patient files and charts are not encompassed within the government's Complaint for Forfeiture, Case No 26-cv-13589 [ECF No 1 Page ID 1].

- Forfeiture proceedings generally encompass months, if not years, to litigate; neither the patients nor employees can reasonably be expected to wait that long.

- While acknowledging the "hardship" provisions of 18 USC § 983(f)(1)(c) & (d), this would necessitate engaging in that litigation. However, due to legitimate self-incrimination concerns, *see generally, Lefkowitz v Turley,* 414 US 70, 77-79, 94 S Ct 316, 38 L Ed 2d 274 (1973)*; SEC v Leach,* 156 F Supp 2d 491, 494-495 (ED Pa 2001); we anticipate forfeiture proceedings will be stayed. We are cognizant the fifth amendment cannot be used as both a sword and a shield, *see, e g, United States v $133,420.00*, 672 F 3d 629, 642-644 (9th Cir 2012); *Barker v International Union*, 2011 WL 6338800 ** 3-5 (ND Ill 2011).

It is readily apparent the forfeiture forum does not present an *adequate* remedy, thus reinforcing the viability of our Emergency Motion, *see generally*, *Floyd v United States,* 860 F 2d 999, 1004 (10th Cir 1988); *Matter of Ninety-One Thousand Dollars*, 715 F Supp 423, 427 (D RI 1989).

## *RACHMONES*

It is significant the government does not articulate a desire to shutter QUALITY BEHAVIORAL HEALTH, nor terminate their employees nor deprive their patients of care and treatment. Yet, their lack of *rachmones*[7] is mystifying.

Respectfully submitted,

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS (P 25225)
Attorney for Petitioner
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan 48334-3158
(248) 855-5888
arthurweiss@ajweisslaw.com

Dated: September 29, 2026.

[7] "*Rachmones* is borrowed form Yiddish…meaning mercy or compassion," https://jel.jewish-languages.org/SentenceRecordings/choose/451.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: SEARCH OF
QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Honorable Laurie J Michelson

QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Petitioner

-vs- Case No: 26-mc-51136

UNITED STATES OF AMERICA

Respondent

_______________________________________/

CERTIFICATE OF SERVICE

ARTHUR JAY WEISS, counsel for QUALITY BEHAVIORAL HEALTH, INC, the Petitioner in the above-entitled matter, hereby Certifies that on the 29th day of September 2026, he served all counsel of record with Reply to Government's Response to Emergency Motion For Return of Property [ECF No 6 Page ID 36], Exhibits "A" through "E" and Certificate of Service relative to the above-entitled matter *via* electronic means.

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS