UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Quality Behavioral Health, Inc.,

Petitioner,

v.

United States of America,

Respondent

Case No: 26-mc-51136

Hon. Laurie J. Michelson

---

**Government's Sur-Reply And Brief Pertaining To Petitioner's Request for Appointment of Special Master or Receiver (ECF 8).**

---

The United States respectfully opposes the appointment of a Special Master or Receiver as requested by Petitioner QBH.

Having filed a motion under Federal Rule of Criminal Procedure 41(g), QBH provides no authority for this court to apply the Federal Rules of Civil Procedure in response to a motion filed under the Federal Rules of Criminal Procedure. QBH asks this court to appoint a special master under Federal Rule of Civil Procedure 53, which requires the "consent of the parties." Fed. R. Civ. P. 53(a). The United States does not consent to the appointment of a Special Master nor is the United States authorized by statute to bear the costs of a Special Master. QBH fails to explain -besides the citation in a footnote - how Federal Rule of Civil

Procedure 66 applies here. QBH resists litigating the only civil case pending here, which is the civil forfeiture case assigned to a different judge in this district. *United States v. Approximately $18.8 Million et al*, (26-cv-13589, Kumar, J.).

The only case QBH cites in which the United States was a party was a civil action filed under Packers and Stockyards Act. (*United States v. High Plains Livestock*, 2017 WL 3581203 (D. N.M. Mar. 31, 2017). This case is neither relevant to petitioner's motion nor to the related civil forfeiture case. *High Plains* make no mention of the Civil Asset Forfeiture Reform Act. (CAFRA). QBH may have valid reasons for resisting the litigation of the civil forfeiture case but its position has consequences. QBH cannot pick and choose the remedies it prefers when Congress mandated the vehicle it must use to litigate its interests – namely – the hardship petition provisions of CAFRA. (18 U.S.C. §983(f)).

QBH asks this court to circumvent the legal remedy-at-law- provided by Congress by ignoring the binding Sixth Circuit-precedent. (*See United States v. One 1974 Lear Jet* 191 F.3d 668, 673 (6th Cir. 1998)(after the government initiates a forfeiture proceeding, a claimant may no longer use Rule 41(e)). But, QBH also asks this court to prejudice the United States by denying it the mechanisms CAFRA authorizes to oppose a hardship provision by "submit[ting] evidence ex parte to avoid disclosing any matter that may adversely impact an ongoing criminal investigation." (18 U.S.C. §983(f)(1)(B)(4)).

The remaining cases petitioner cites provide no basis for the appointment of a special master in response to the 41(g) petition. *Ettore v. Westheimer* involved the post-judgment enforcement of a money judgment in a civil case. 577 F. Supp. 3d. 644 (S.D. Tex. Jun. 10, 2023). The parties to *C.D.S. v. Zetler* agreed to bear jointly the costs and fees of the special master under Rule 53 of the Federal Rules of Civil Procedure. 2016 WL 3522197 (S.D. NY Jun. 15, 2016). Here, the United States makes no such stipulation nor does this court have the authority impose the costs on it.

Because the filing of the civil forfeiture complaint deprives this court of jurisdiction to consider the 41(g) motion and the Federal Rules of Criminal Procedure expressly exclude their applicability to civil forfeiture matters under Rule 1(a)(5)(B), QBH's motion should be denied. To permit QBH to persist in its motion, would run contrary to the Congressionally mandated remedies available to QBH under CAFRA and prejudice the United States. Holding an evidentiary hearing on this motion as requested by QBH would run afoul of the binding precedent from *One 1974 Lear Jet* and prejudice the United States. Further, nothing QBH cites authorizes the appointment of a special master or receiver, requiring the consent of the United States which will not be provided.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

s/Philip A. Ross
Philip A. Ross
Assistant U.S. Attorneys
211 West Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9790
Philip.Ross@usdoj.gov

Date: October 1, 2026

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk of the Court under seal via ECF which caused service upon counsel of record.

s/Philip A. Ross
Philip A. Ross
Assistant U.S. Attorney
211 West Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9790
Philip.Ross@usdoj.gov

Date: October 1, 2026