UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: SEARCH OF QUALITY BEHAVIORAL HEALTH, INC, a Michigan Non-Profit Corporation,

QUALITY BEHAVIORAL HEALTH, INC, a Michigan Non-Profit Corporation,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 26-mc-51136
Honorable Laurie J. Michelson

**ORDER FOR SUPPLEMENTAL BRIEFING AND ORAL ARGUMENT**

During the execution of search warrants at numerous drug treatment facilities operated by Quality Behavioral Health, Inc. (QBH), law enforcement agents seized patient and payroll records as well as bank accounts belonging to the company. QBH says it cannot adequately treat patients or pay employees without the records. So it filed this miscellaneous action for the return of the seized property pursuant to Federal Rule of Criminal Procedure 41(g), focusing primarily on its alleged financial hardship. (ECF No. 1.) In response, the government contends that QBH's challenge to the seizure must instead be brought in the civil forfeiture proceeding it has since initiated, because that proceeding provides QBH "an adequate remedy at law." (ECF No. 6, PageID.39); *United States of America v. Approximately $18,791,680.499 in*

*United States Funds & Precious Metals*, Case No. 26-13589 (E.D. Mich. Sept. 22, 2026).

Other courts in this District have found that "[w]hen there are no criminal proceedings against the movant, a court may exercise its civil equitable jurisdiction over a Rule 41(g) motion. Civil equitable jurisdiction is discretionary; a court should exercise it with 'caution and restraint.'" *United States v. Kazkaz*, No. 23-20022, 2023 U.S. Dist. LEXIS 111532, at *24 (E.D. Mich. June 28, 2023) (collecting cases). Historically, four factors have "guide[d] the analysis of whether equity demands the Court exercise jurisdiction:

> (1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property [they] want [ ] returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of [their] grievance.

*Id.* But "[i]f an adequate remedy at law exists, the fourth factor is dispositive: a movant is not entitled to equitable relief, and a court must decline to exercise jurisdiction. *Id.* (citations omitted); *see also In re seizure of $100,622.44 in United States Currency v. United States*, No. 19-51236, 2019 U.S. Dist. LEXIS 213918, at *4 (E.D. Mich. Dec. 12, 2019).

On the morning of the oral argument on QBH's petition in this miscellaneous action, QBH docketed supplemental authority calling into question whether the pending civil forfeiture action provides an adequate remedy at law. (ECF No. 11 (citing *United States v. 8 Gilcrease Lane, Quincy Fla.* 32351, 587 F. Supp. 2d 133, 140 (D.D.C. 2008)). More specifically, whether QBH can obtain the return of seized

currency under the hardship provision of the Civil Asset Forfeiture Reform Act (CAFRA), 18 U.S.C. § 983(f), when only the QBH bank accounts, and not the QBH business, were seized. *See, e.g., 8 Gilcrease Lane, Quincy Fla.* 32351, 587 F. Supp. at 140; *United States v. Value of Certain E-Metal Accounts at E-Gold Ltd.*, No. 11-01530, 2013 U.S. Dist. LEXIS 152433, *5–6 (D. Md. Oct. 17, 2013) (finding that, pursuant to § 983(f)(1)(E), the court "[could not] order release of currency unless a legitimate business was seized" as opposed to just the assets). What constitutes an "adequate remedy at law" in this context may not be demanding. Other courts, for example, have found an "adequate remedy at law" even where the plaintiff "did not receive notice in order to file a timely claim in the forfeiture action." *See Terreros v. U.S.*, 22-3803, 2026 U.S. Dist. LEXIS 69889, at *7–8 (D.D.C. Mar. 31, 2026) (noting that plaintiff could seek to set aside and reopen administrative forfeiture proceedings.) But the recently discovered forfeiture cases dealing with seizure of a business's accounts, but not the business itself, suggest that relief under § 983 in such an action may be foreclosed entirely. *See, e.g.*, *In re Seizure Warrants Issued March 27, 2008, & April 23, 2008*, 593 F. Supp. 2d 892, 893 (N.D. W. Va. 2008) ("[C]urrency may not be released to the claimant pending trial under the 'hardship' provision, unless the legitimate business itself has been seized.")

Thus, the Court would like supplemental briefing of no more than five pages by October 15, 2026, addressing the following issues: (1) is there case law within the Sixth Circuit addressing this issue of ordering the release of seized business funds in a civil forfeiture proceeding under CAFRA where the business itself has not also been

seized; and (2) if the Court cannot order the release of such seized funds under CAFRA, does this affect whether the claimant has "an adequate remedy at law" apart from a proceeding under Rule 41(g)?

The Court will also permit the parties to provide additional oral argument on these issues on October 22, 2026, at 11:00 am.

SO ORDERED.

Dated: October 8, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge