UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: SEARCH OF
QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Honorable Laurie J Michelson

QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Petitioner

-vs-

Case No: 26-mc-51136

UNITED STATES OF AMERICA

Respondent
_______________________________________/

SUPPLEMENTAL BRIEFING PURSUANT TO
ORDER DATED OCTOBER 8, 2026 [ECF No 12 Page ID 90]

## I.INTRODUCTION

This writer apologizes for referencing "case law [outside] the Sixth Circuit" [ECF No 12 Page ID 92], but due to paucity of germane decisions within this Circuit, our analysis, of necessity, extends beyond "Sixth Circuit" [ECF No 12 Page ID 92] jurisprudence.

## II. INADEQUATE REMEDY

### A.

The government claims their civil asset forfeiture complaint[1] provides an adequate remedy at law [ECF No 6 Page ID 39]. We respectfully disagree.

There is *no* dispute the government did *not* seize QUALITY BEHAVIORAL HEALTH and this entity is not encompassed within their civil asset forfeiture complaint.

Consequently, 18 USC § 983 (f) cannot be construed as an "adequate remedy," *see, e g*, *In re: Seizure Warrants,* 593 F Supp 2d 892, 893 (ND W Va 2008); *United States v 8 Gilcrease Lane, Quincy Fla. 32351,* 587 F Supp 2d 133, 140 (D DC 2008); *United States v Value of Certain E-Metal Accounts*, 2013 WL 5664678 * 2 (D Md 2013).[2]

It is evident, therefore, 18 USC § 983 (f) does *not* provide *any* remedy for QUALITY BEHAVIORAL HEALTH, *see, e g*, *Harbor Healthcare System, LP v*

---

[1] *United States v Approximately $18,791,680.499, et al*, Case No 26-cv-13589 [ECF No 1 Page ID 1].

[2] "The pending civil forfeiture action does not constitute an adequate legal remedy with respect to this additional currency because the forfeiture action does not name this additional currency as a defendant therein," *Shaw v United States Dept of Homeland Security*, 2022 WL 1289228 * 5 (ND Oh 2022). By analogy, the same rubric applies to patient files and charts, *see, Ramsden v United States*, 2 F 3d 322, 325-327 (9th Cir 1993); *Sovereign News v United States,* 690 F 2d 569, 577-578 (6th Cir 1992).

*United States*, 5 F 4th 593, 600 (5th Cir 2021) ("Harbor does not have an adequate remedy at law").

B.

Within the context of Fed R Crim Pro 41 (g), "inadequate remedy at law" is not defined[3]. By way of analytical consonance, this phrase has been construed as "not mean[ing] *wholly* ineffectual, rather, the remedy must be seriously deficient as compared to the harm suffered," *Foodcomm Intern v Barry*, 328 F 3d 300, 304 (7th Cir 2003) (citation omitted) (emphasis added); *Doe v Elkhorn Area School District*, 743 F Supp 3d 1053, 1080 (ED Wis 2024) (citations omitted).

Remarkably, the government fails to articulate a remedy which is not "ineffectual" or "seriously deficient." It appears they preferably desire to crush QUALITY BEHAVIORAL HEALTH into an catastrophic cessation of business operations[4], *see, Brownsburg Area Patrons Affecting Change v Baldwin,* 137 F 3d

[3] Given dictionary definitions may be employed, *see*, *Dubin v United States*, 599 US 110, 126-127, 143 S Ct 1557, 216 L Ed 2d 136 (2023), we note the pertinent verbiage has been defined: a "remedy is considered inadequate if it is, in its nature and character, unfitted or not adapted to the end in view…," H Black, *Black's Law Dictionary* 902 (4th ed 1968).

[4] "[T]he Federal Rules of Criminal Procedure do not contemplate that individuals should be deprived of their statutory remedy for unlawful seizures while they wait for law enforcement to complete an investigation, bring charges against them, and eventually produce suppressible evidence. *See De Almeida*, 459 F 3d at 382 (noting that even in the forfeiture context, a claimant 'may lack an adequate remedy at law if the claimant faces months or years of delay');" *Wexler v United States*, 2026 WL 2982960 * 3 (SD NY 2026).

503, 507 (7th Cir 1998)[5], thus irreparably harming patients, employees and the community which relies upon their services, *see, eBay Inc, v MercExchange, LLC,* 547 US 388, 391, 126 S Ct 1837, 164 L Ed 2d 641 (2006); *RMH Tech LLC v PMC Industries, Inc*, 352 F Supp 3d 164, 202-203 (D Conn 2018); *N & N Catering Inc v Chicago*, 26 F Supp 2d 1067, 1079-1080 (ND Ill 1998)[6].

## III. MOOT

Because the government persists in its belief your Petitioner has an adequate remedy at law, they contend our position is "moot" [ECF No 6 Page ID 39]. However, as discussed, *supra*, there is *no other* remedy for QUALITY BEHAVIORAL HEALTH.

Accordingly, the instant Emergency Petition [ECF No 1 Page ID 1] is not moot.

> [T]he district court erred in dismissing the case as moot. "An issue becomes moot when it becomes impossible for the court to grant 'any effectual relief whatsoever' on that issue to a prevailing party." *Smith v Plati*, 258 F 3d 1167, 1179 (10th Cir 2001) (quoting *Church of*

---

[5] "BAPAC's position that it has ceased its activities due to fear of prosecution for not satisfying the reporting and disclosure requirements is sufficient to demonstrate irreparable injury. *See Elrod v Burns*, 427 US 347, 373, 96 S Ct 2673, 2690, 49 L.Ed.2d 547 (1976) (plurality opinion)," *BAPAC v Baldwin*, 137 F 3d 503, 507 (7th Cir 1998).

[6] "The district court found…Music City would suffer irreparable harm and there was an inadequate remedy at law with regard to the government's retention of the property at issue…," *United States v Search of Music City*, 212 F 3d 920, 923 (6th Cir 2000).

> *Scientology v United States*, 506 US 9, 12, 113 S Ct 447, 121 L Ed 2d 313 (1992)). Put differently, "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v Williams*, 807 F 2d 1286, 1289 (6th Cir 1986). *California Palms Addictions Recovery Campus, Inc v United States*, 158 F 4th 726, 730 (6th Cir 2025).

Inasmuch as your Petitioner is entitled to relief, the Emergency Petition [ECF No 1 Page ID 1] is not moot, *see, Stewart v Martin*, 143 F 4th 675, 680-685 (6th Cir 2025); *see also, Church of Scientology v United States,* 506 US 9, 12, 113 S Ct 447, 121 L Ed 2d 313 (1992).

## IV. DISCRETION

"In the context of Rule 41(e) motions, several circuit courts have remarked on a district court's authority to fashion an equitable remedy…," *United States v Potes Ramirez*, 206 F 3d 1310, 1315 (11th Cir 2001) (citation omitted), which includes the "appoint[ment of an]…Administrator…," *United States v Value of Certain E-Metal Accounts*, *supra*, 2013 WL 5664678 *1 (D Md 2013).

Respectfully submitted,

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS (P 25225)
Attorney for Petitioner
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan 48334-3158
(248) 855-5888
arthurweiss@ajweisslaw.com

Dated: October 15, 2026.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: SEARCH OF
QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Honorable Laurie J Michelson

QUALITY BEHAVIORAL HEALTH, INC, a
Michigan Non-Profit Corporation,

Petitioner

-vs-

Civil Action No: 26-mc-51136

UNITED STATES OF AMERICA

Respondent

_______________________________________/

CERTIFICATE OF SERVICE

ARTHUR JAY WEISS, counsel for QUALITY BEHAVIORAL HEALTH, INC, the Petitioner in the above-entitled matter, hereby Certifies that on the 15th day of October 2026, he served all counsel of record with Supplemental Briefing Pursuant to Order dated October 8, 2026 [ECF No 12

Page ID 90] and Certificate of Service relative to the above-entitled matter *via* electronic means.

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS